THE STATE, EX REL. BROWN, ATTORNEY GENERAL, APPELLANT, *v.* HOWARD, APPELLEE.

(No. 81AP-454—Decided December 10, 1981.)

*Mr. William J. Brown,* attorney general, *Mr. E. Dennis Muchnicki* and *Ms. Joan M. Cummings,* for appellant.
*Mr. Jerry Weiner,* for appellee.

COOK, J. J. Texas Howard, appellee herein, was accepting and disposing of solid waste into a lake located south of Southview Park and east of I-71 in Franklin Township, Franklin County.

Upon discovery of this fact, Joseph Arar, an engineer in the central district office of the Ohio Environmental Protection Agency, contacted the Franklin County Board of Health which has the primary responsibility for enforcing R.C. Chapter 3734 against illegal solid waste disposal operations. Subsequently, the county board of health initiated an enforcement action against appellee, obtaining a preliminary injunction, but appellee continued to operate in violation of the injunction. After efforts failed to get the board of health to enforce its injunction, Arar asked the Ohio E.P.A. to take enforcement action to stop appellee's continued dumping of solid waste into the lake.

On March 20, 1980, the state of Ohio, appellant herein, filed a two-count complaint against appellee. Count I alleged that appellee had been disposing of waste into the waters of the state in violation of R.C. 6111.04 and 6111.07, and sought injunctive relief pursuant to R.C. 6111.07, and a civil penalty of $10,000 per day of violation pursuant to R.C. 6111.09. In Count II, appellant alleged that appellee had established a solid waste disposal operation without first obtaining a plan approval and a permit to establish such an operation as required by R.C. 3734.02(A) and (C), and sought injunctive relief as authorized by R.C. 3734.10.

After a one-day trial, at which appellee rested without presenting any evidence (although he testified, when called upon for cross-examination, to a history of failing to operate land fills in a lawful manner, and to grossing large sums of money while operating the subject illegal operation), the trial court found that appellee had violated R.C. Chapters 3734 and 6111 as alleged by appellant, and imposed a penalty of $10,000. Eight thousand dollars of the fine was suspended upon payment by appellee of a fine assessed by another Franklin County common pleas judge in another action. The trial court rendered its decision and findings of fact and conclusions of law on March 20, 1981, and filed its judgment on April 21, 1981.

Appellant has timely appealed the judgment of the trial court and filed the following two assignments of error:

"1. The trial court's finding of fact No. 8 is erroneous and is wholly unsupported by any evidence and is therefore contrary to the manifest weight of the evidence to the prejudice and detriment of the appellant State of Ohio.

"2. The trial court failed to exercise its informed discretion in determining the amount of the penalty which it imposed because the trial court completely disregarded matters the consideration of which are necessary to the exercise of the informed discretion."

The assigned errors are well taken.

In its finding of fact No. 8, the trial court found:

"8. The Defendant was fined by another branch of this Court for conduct identical to the claims alleged in this lawsuit."

However, the record contains no evidentiary support for such a finding. The only indication of any fine being imposed by another branch of the Franklin County Common Pleas Court came in an unsworn narrative by counsel for appellee during closing argument, over appellant's objection.

Unsworn commentary of counsel for one of the parties is not evidence. *Cleveland, Painesville & Eastern RR. Co.* v. *Pritschau* (1904), 69 Ohio St. 438. It is error to allow a counsel to use a closing argument to provide unsworn testimony concerning matters within his personal knowledge which has not been introduced as evidence. *Ferstman* v. *Fidelity & Cas. Co.* (1931), 39 Ohio App. 318.

It is clear that the $2,000 penalty assessed against appellee was based upon the trial court's consideration of counsel for appellee's unsworn statements. Since such statements were not evidence, finding of fact No. 8 is contrary to the weight of the evidence because it is based on no

evidence. *Stoltz* v. *Carroll* (1919), 99 Ohio St. 289; *Bahl* v. *Byal* (1914), 90 Ohio St. 129.

As to appellant's contention that the trial court failed to exercise its informed discretion in determining the amount of the penalty, the determination of the amount of penalty, authorized by R.C. 6111.09, to be imposed, is left to the "informed discretion" of the trial court based upon the totality of the evidence in each case. *United States* v. *Ancorp National Services, Inc.* (C.A. 2, 1975), 516 F.2d 198, 202; *United States* v. *J. B. Williams Co., Inc.* (C.A. 2, 1974), 498 F.2d 414, 438; *State, ex rel. Brown,* v. *Dayton Malleable, Inc.* (April 21, 1981), Montgomery App. No. 6722, unreported.

Civil penalties can be used as a tool to implement a regulatory program. *United States, ex rel. Marcus,* v. *Hess* (1943), 317 U.S. 537; *Oceanic Steam Navigation Co.* v. *Stranahan* (1909), 214 U.S. 320. Substantial penalties are recognized as a mechanism for deterring conduct which is contrary to a regulatory scheme. *United States* v. *ITT Continental Baking Co.* (1975), 420 U.S. 223, 231-232; *United States* v. *Atlantic Richfield Co.* (E.D. Pa. 1977), 429 F. Supp. 830; *State, ex rel. Brown,* v. *Dayton Malleable, Inc., supra.*

Obviously, the General Assembly intended to use an economic sanction to deter violations of R.C. Chapter 6111 and thereby to promote the goal of clean water in the state of Ohio when it provided for a penalty of $10,000 per day for violation of R.C. 6111.09.

However, to be an effective deterrent to violations, civil penalties should be large enough to hurt the offender. *United States* v. *ITT Continental Baking Co., supra; United States* v. *J. B. Williams, supra; United States* v. *Swingline, Inc.*

(E.D.N.Y. 1974), 371 F. Supp. 37, 47; *State, ex rel. Brown,* v. *Dayton Malleable, Inc., supra.*

There are several factors which should be considered in assessing a penalty so as to deter future violations. Included in a list of such factors is defendant's good or bad faith (*United States* v. *Papercraft Corporation* [C.A. 3, 1976], 540 F. 2d 131; *United States* v. *J. B. Williams, supra; United States* v. *Swingline, supra; State, ex rel. Brown,* v. *Dayton Malleable, supra*), the financial gain which accrued to defendant (*United States* v. *ITT Continental Baking Co., supra; United States* v. *Papercraft Corp., supra; United States* v. *Swingline, Inc., supra*), and environmental harm (*United States* v. *Papercraft, supra; United States* v. *Swingline, supra*).

The evidence before the trial court as to the above factors clearly indicates that appellee had a history of improperly operating solid waste disposal facilities; that before appellee began operation at the instant site he had no income, but, in 1979, the first year of operation at the illegal site, his income was $295,827.25, and for the period of January through May 1980, when his operation was terminated by a preliminary injunction in the instant cause, he had an income of $150,000; and that the evidence clearly showed appellee harmed the environment by dumping solid wastes into the lake.

However, the trial court, according to its findings of fact and conclusions of law, gave no consideration to any of the above factors which have been recognized by various courts as appropriate for consideration to assure that a civil penalty will deter future violations. The court made no findings as to appellee's history of unlawful conduct or appellee's profits from his illegal operation; nor did the trial court attempt to compensate the people of the state of Ohio for the unquantifiable loss of the ground water resources in the area. As to the latter factor, the trial court found that, "[T]he amount of pollu-

tion, if any, [of] the State waters was undetermined * * *," and "[T]here was no evidence of actual harm to any person," despite the testimony of John Noyes, a geologist in Ohio's E.P.A. office of public water supply, that the landfill dump was causing ground water contamination and that the materials dumped in the lake would be harmful if they leaked into the ground water supply.

We conclude, for the reasons set forth in this opinion, that the trial court abused its "informed discretion" in assessing a penalty as authorized by R.C. 6111.09.

Accordingly, the penalty imposed by the trial court is vacated, and the cause is remanded to the trial court with instructions to limit its consideration to matters actually in evidence before it concerning factors which are relevant to the imposition of a penalty which will deter appellee from future violations.

For the foregoing reasons, the two assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

STRAUSBAUGH, P.J., and NORRIS, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.