**The STATE ex rel. MONTGOMERY, Atty. Gen., Appellee,**

v.

**MAGINN et al., Appellants.**

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA2001–05–040.

Decided Jan. 7, 2002.

**422**

Betty D. Montgomery, Attorney General, Peter M. Simcic, Jr. and Marcus J. Glasgow, Assistant Attorneys General, Environmental Enforcement Section, for appellee.

Ronald G. Logan, for appellants Robert and Valerie Maginn.

WALSH, Judge.

{¶ 1} Defendants-appellants, Robert and Valerie Maginn, appeal from a judgment of the Warren County Court of Common Pleas assessing a civil penalty against them pursuant to R.C. 3734.13. We affirm the judgment of the trial court.

{¶ 2} Over the course of several years, appellants owned and operated two Plexiglas and Lucite manufacturing companies. Robert was the president and chief operating officer of the first company, Midwestern Consolidated Enterprises, Inc. ("MCE"). MCE operated at 174 North Main Street, in Corwin, Ohio. In the course of manufacturing, MCE generated and stored hazardous waste on site. MCE ceased operations upon filing for bankruptcy in November 1989.

{¶ 3} That same month, the MCE property, as well as the adjoining parcel of property at 184 North Main Street, was purchased by Purkey Properties, Inc. ("PPI"). PPI is owned by Howard Purkey. PPI leased both parcels of property to appellants and their newly formed company, Aerotech Industries, Inc. ("ATI"). This company also manufactured Plexiglas and Lucite. Valerie was the president of ATI, while Robert was involved with the daily operations of the company. In the course of manufacturing, ATI generated and stored hazardous waste on both of the North Main Street properties that it occupied.

{¶ 4} On April 10, 1991, the Hazardous Waste Management Division of the Ohio Environmental Protection Agency ("Ohio EPA"), the Special Investigations Unit of the Ohio EPA, and the Bureau of Criminal Investigation inspected the properties at 174 and 184 North Main Street, occupied by appellants' business. Investigators discovered a dozen, fifty-five gallon drums of methyl methacrylate and formaldehyde inside the building at 184 North Main Street. They also

discovered fifty-two drums of liquid and solid waste located outdoors on both pieces of property. Samples were removed from the drums and tested. The results revealed that the drums contained hazardous waste, as defined by the Ohio Administrative Code.

{¶ 5} On September 13, 1993, the Director of the Ohio EPA issued final findings regarding the hazardous waste contained on both pieces of property. The orders, issued to ATI, Robert Maginn, Howard Purkey, and PPI, required that Purkey and Maginn perform the following tasks:

{¶ 6} 1. Sample the waste stored at the facility and submit the results to the Ohio EPA;

{¶ 7} 2. Properly dispose of the hazardous waste at the facility; and

{¶ 8} 3. Submit a closure plan for the facility and complete the closure of the facilities in accordance with the approved closure plan.

{¶ 9} ATI declared bankruptcy in 1998 and vacated the North Main Street properties leased from PPI, leaving behind the drums of hazardous waste. In July 1998, Purkey and PPI entered into a consent order with the state of Ohio, in which Purkey agreed to clean up the hazardous waste at the site. Purkey complied with the order and the hazardous waste has since been removed from the site at his expense. The state of Ohio subsequently filed a complaint against appellants seeking civil penalties for the hazardous waste violations.

{¶ 10} Appellants, proceeding pro se, filed an answer and a motion to dismiss the complaint. The motion was denied by the trial court. The state served appellants with requests for admission, which appellants failed to answer. The state subsequently filed a motion for summary judgment as to liability only. The trial court granted the state's motion, and in April 2000, a hearing was held to determine the appropriate civil penalty to be imposed on appellants. After hearing the evidence, the trial court ordered appellants to pay a penalty of $70,000. They appeal, raising four assignments of error.

{¶ 11} Assignment of Error No. 1:

{¶ 12} "The trial court erred in denying defendants' motions for the appointment of counsel."

{¶ 13} In the first assignment of error, appellants contend that they were entitled to appointed counsel because the proceeding was criminal in nature and because they are indigent.

{¶ 14} The present action was brought by the state pursuant to R.C. 3734.13(C), which authorizes the state to bring civil actions to recover penalties for violations of Ohio's hazardous waste regulations. R.C. 3734.13(C) specifically states that "[a]ny action under this section is a civil action."

{¶ 15} Absent evidence of exceptional circumstances justifying the appointment of counsel, an individual plaintiff is not ordinarily entitled to a court-appointed attorney in a civil action. See *Perotti v. Ohio Dept. of Rehab. & Corr.* (1989), 61 Ohio App.3d 86, 572 N.E.2d 172. An indigent defendant has a right to appointed counsel in a civil case "only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dept. of Social Serv.* (1981), 452 U.S. 18, 26–27, 101 S.Ct. 2153, 2159–2160, 68 L.Ed.2d 640.

{¶ 16} Turning to the facts of the present case, it is evident that appellants were not at any risk of losing "physical liberty." The only loss they risked was monetary. Accordingly, appellants possessed no constitutional right to appointed counsel, even if indigent. Id. See, also, *State ex rel. Jenkins v. Stern* (1987), 33 Ohio St.3d 108, 110, 515 N.E.2d 928; *Johnson v. Morris* (1995), 108 Ohio App.3d 343, 670 N.E.2d 1023; *Smith v. Ohio Dept. of Rehab. & Corr.* (1995), 104 Ohio App.3d 210, 661 N.E.2d 771. The assignment of error is overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} "The trial court erred in denying defendants' motion to dismiss."

{¶ 19} In their second assignment of error, appellants contend that "[t]he Motion to Dismiss, although it was inadequate, should have been given a review by the Trial Court." The motion to dismiss filed by appellants alleged that, although they stored hazardous waste on the property without a permit they had not caused any harm to the environment; that the Ohio EPA hindered their efforts to ship the hazardous waste off site for incineration; and, that their age and indigence should preclude the state's attempt to recover a civil penalty for their failure to properly dispose of the hazardous waste.

{¶ 20} A motion to dismiss, filed pursuant to Civ.R. 12(B), is a procedural mechanism which tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. In construing a complaint upon a motion to dismiss for failure to state a claim, the material allegations of the complaint are taken as admitted and all reasonable inferences must also be drawn in favor of the nonmoving party. Id. Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. Id. A reviewing court must conduct a de novo review of a decision on a motion to dismiss as it presents a question of law. *Schiavoni v. Steel City Corp.* (1999), 133 Ohio App.3d 314, 317, 727 N.E.2d 967.

{¶ 21} The trial court's entry overruling the motion states that the complaint contains allegations, which if assumed to be true, state a claim upon which relief may be granted. Appellants concede that their motion to dismiss was "inadequate" and present no legal authority to support their assertion on appeal that

the trial court erred by denying the motion. As well, we find that appellants' motion failed to state any reason justifying dismissal of the state's complaint pursuant to Civ.R. 12(B). Accordingly, the assignment of error is overruled.

{¶ 22} Assignment of Error No. 3:

{¶ 23} "The trial court erred in granting plaintiff's motion for summary judgment."

{¶ 24} Appellate courts conduct a de novo review of decisions granting summary judgment. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264.

{¶ 25} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. The party's response, by affidavit or as otherwise provided in the rule, must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–59, 604 N.E.2d 138.

{¶ 26} Appellants' sole argument in this assignment of error is that "[i]f the Defendants had been appointed an attorney, the Court would not have been in the same position in deciding the Motion for Summary Judgment."

{¶ 27} The state's complaint alleges that the appellants owned and operated MCE and ATI. Count one of the complaint alleges that appellants failed to comply with the final findings and orders issued by the Director of the Ohio EPA in violation of R.C. 3734.11(A) and R.C. 3734.13(D). Count two alleges that appellants failed to determine whether the waste generated by the operation of the their business was hazardous. Count three alleges that appellants treated waste at a facility not licensed to treat hazardous waste in violation of R.C. 3734.02(F). Count four alleges that appellants illegally stored hazardous waste at a facility not licensed to store hazardous waste. Count five alleges that appellants illegally disposed of hazardous waste. Count six alleges that appellants violated Ohio Adm.Code 3745–55–11 and/or 3745–66–1 by failing to have a closure plan for the property occupied by their businesses. Finally, count seven alleges

426

that appellants conducted open dumping by disposing of solid waste in violation of R.C. 3734.03.

{¶ 28} The state served appellants with requests for admission which largely mirrored the language of the complaints. However, appellants, without justification, failed to respond to the requests, and they were properly deemed admitted by the trial court. Civ.R. 36; see, also, *Rafferty v. Scurry* (1997), 117 Ohio App.3d 240, 244, 690 N.E.2d 104. "An admission arising by failure to respond to a request for admissions * * * is a 'written admission' for the purposes of Civ.R. 56(C)." (Citations omitted.) *Scurry* at 244, 690 N.E.2d 104.

{¶ 29} Appellant's failure to respond to the state's requests for admissions in this case resulted in appellant's unqualified admissions to the allegations contained in all seven counts of the complaint. See id. Although appellants were proceeding pro se, they were subject to the same rules as counsel, and they accordingly "must accept the results of their own mistakes and errors." *Meyers v. First Natl. Bank of Cincinnati* (1981), 3 Ohio App.3d 209, 210, 3 OBR 238, 444 N.E.2d 412.

{¶ 30} As all of the allegations in the complaint were admitted by appellants, there remain no material issues of fact for litigation. As the state is entitled to judgment as a matter of law, the trial court properly granted summary judgment in its favor. The third assignment of error is overruled.

{¶ 31} Assignment of Error No. 4:

{¶ 32} "The trial court erred in ordering the defendants to pay a civil penalty in the amount of $70,000 after the obligations set forth in the 'director's Final Findings and Orders' dated September 3, 1993, had been completely performed by a co-defendant, Purkey Properties."

{¶ 33} Appellants lastly contend that the trial court erred by ordering appellants to pay a civil penalty because it is punitive in nature, and because Purkey, the property owner, disposed of the hazardous waste at his expense pursuant to the consent order. Appellants allege that Purkey is a co-defendant and that their only liability is in contribution to him.

{¶ 34} Contrary to appellants' assertion, civil penalties, imposed for violations of environmental regulations, are not penal but primarily deterrent in nature. *State ex rel. Brown v. Dayton Malleable* (1982), 1 Ohio St.3d 151, 157, 1 OBR 185, 438 N.E.2d 120. The penalties are "designed to deter conduct which is contrary to a regulatory scheme." *State ex rel. Celebrezze v. Thermal–Tron, Inc.* (1992), 71 Ohio App.3d 11, 19, 592 N.E.2d 912.

{¶ 35} To be an effective deterrent, the penalty imposed "must be large enough to hurt the offender." Id. When determining the appropriate

penalty, the court should consider "the good or bad faith of the defendant, the financial gain to the defendant as well as environmental harm." Id. The assessment of an appropriate civil penalty lies within the sound discretion of the trial court, and will not be reversed upon appeal absent evidence that the trial court abused its discretion in imposing the penalty. *Brown* at 157, 1 OBR 185, 438 N.E.2d 120. More than an error in law or judgment, an abuse of discretion connotes that the trial court acted in an unreasonable, arbitrary or unconscionable manner. Id.

{¶ 36} Pursuant to R.C. 3734.13(C), the trial court could have imposed a civil penalty of up to $10,000 per day, per violation. However, the trial court assessed a penalty of $70,000 against appellants. The penalty was based on the $50,000 economic benefit appellants received by avoiding the cost of cleaning up the hazardous waste they created and stored on the property, as well as an additional $20,000 penalty based on evidence that appellants were aware of the ongoing violations, yet continued to operate their business in the same manner for another five years.

{¶ 37} Although Purkey has paid to have the property cleaned up, he is not a co-defendant in this action as alleged by appellants. As the owner of the property, he was named in the September 3, 1993 final findings and orders as a person responsible for the cleanup of the site. Purkey signed a consent order in which he, without admitting liability, agreed to clean up the hazardous waste stored on the property by appellants. The only defendants named by the complaint in the present action are appellants. The fact that Purkey signed a consent order agreeing to clean up the site does not absolve appellants' responsibility for the admitted violations and their failure to comply with the final findings and orders.

{¶ 38} Upon review of the record, we do not find that the trial court abused its discretion by imposing a $70,000 civil penalty against appellants. The assignment of error is overruled.

Judgment affirmed.

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.