[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} Plaintiff-appellee Fath Management Company ("Fath"), a landlord, filed a forcible-entry-and-detainer action on September 13, 2001, against defendant-appellant Darlington Amadasu, its tenant.[1] On September 27, 2001, Amadasu filed a notice of removal to federal court.[2] Subsequently, the federal court granted Fath's motion to return the action to state court. A bench trial was conducted on May 6, 2002, in Hamilton County Municipal Court. An entry in favor of Fath was journalized on that day, with a correcting entry following on May 8 that, among other things, released rent to Fath that Amadasu had deposited in escrow with the clerk of courts in this or any other cases. On appeal, Amadasu now raises five assignments of error that depend upon matter not in the record transmitted to this court. What we do know from the testimony given during the bench trial is that Amadasu was a month-to-month tenant when Fath filed its complaint in this case because Amadasu's one-year lease had expired and had not been renewed by Fath.
 {¶ 3} We realize that Amadasu continues to proceed pro se, but pro se litigants are bound by the same rules and procedures as litigants who retain counsel.[3] "Principles requiring generous construction of pro se filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning."[4] As the party asserting error, Amadasu bears the burden of affirmatively demonstrating the error by reference to matters in the record.[5] It is also a fundamental principle of appellate review that an appellate court is limited to considering the evidence found within the record transmitted to it on appeal.[6] We are not allowed to add matter to the record and then decide the appeal on the basis of the new evidence.[7]
In the case sub judice, it is difficult to ascertain what transpired in the trial court because the record Amadasu has submitted is so incomplete.
 {¶ 4} Amadasu failed to make his arguments to the trial court by not appearing on the scheduled trial date and failed to advise the court of his inability to attend. Similarly, Amadasu failed to appear before this court on the scheduled date for oral argument.[8] Moreover, Amadasu refers to matter in other proceedings that have not been transmitted to this court. When portions of the record necessary for resolution of assigned errors are omitted from the record, then a reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm.[9] Accordingly, based on this record, Amadasu's five assignments of error are overruled
 {¶ 5} Therefore, the judgment of the trial court is affirmed.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Sundermann, P.J., Painter and Winkler, JJ.
[1] A similar complaint had been filed against Amadasu by Fath in Hamilton County Municipal Court under the number 99CV26895, but that case was transferred due to amounts sought in Amadasu's counterclaims, to the Hamilton County Court of Common Pleas under the number A-9907249. This court addressed Amadasu's counterclaims in the case numbered C-010511. Ultimately, Fath voluntarily dismissed its complaint in the case numbered A-9907249.
[2] S.D. Ohio No. C-1-01-668.
[3] See State ex rel. Montgomery v. Maginn (2002), 147 Ohio App.3d 420,426, 770 N.E.2d 1099.
[4] State ex rel. Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206,614 N.E.2d 827.
[5] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384.
[6] See App. R. 9(A); State v. Callihan (1992), 80 Ohio App.3d 184,197, 608 N.E.2d 1136; Orr v. Hays, 7th Dist. No. 02 CA 27, 2002-Ohio-7441, motion for stay of court of appeals judgment denied, 2/19/2003 case announcements, 2003-Ohio-644.
[7] See State v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus.
[8] Amadasu first advised this court on February 18 of his inability to appear on February 12 for oral argument because of various claimed medical issues.
[9] See Knapp, supra, at 199, 400 N.E.2d 384.