[Cite as *State ex rel. Cordray v. Morrow Sanitary Co.*, 2011-Ohio-2690.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, ex rel. RICHARD CORDRAY, OHIO ATTORNEY GENERAL | JUDGES: Hon. W. Scott Gwin, P. J. Hon. John W. Wise, J. Hon. Julie A. Edwards, J. |
| Plaintiff-Appellant | |
| -vs- | Case No. 10 CA 10 |
| MORROW SANITARY COMPANY, et al. | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No. 99 CV 24356

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     June 2, 2011

APPEARANCES:

For Plaintiff-Appellant

RICHARD CORDRAY
OHIO ATTORNEY GENERAL
SARI MANDEL LEVIN
ASSISTANT ATTORNEY GENERAL
441 Vine Street, 16th Floor
Cincinnati, Ohio 45202

JOHN F. CAYTON
ASSISTANT ATTORNEY GENERAL
One Government Center, Suite 1340
Toledo, Ohio 43604

For Defendant-Appellee Ronald Harper

VIRGIL GUITHER
6811 Township Road 66
Apartment A
Edison, Ohio 43320

*Wise, J.*

{¶1}   Plaintiff-Appellant State of Ohio, ex rel. Richard Cordray, Ohio Attorney General appeals the September 9, 2010, judgment of the Morrow County Common Pleas Court issuing civil penalties and injunctive relief against defendants Jerry Rutledge, Ronald Harper and Morrow Sanitary Company.

{¶2}   Defendant-Appellee in this appeal is Ronald Harper.

### STATEMENT OF THE CASE AND FACTS

{¶3}   The undisputed facts are as follows:

{¶4}   Defendants Ronald Harper and Jerry Rutledge and Morrow Sanitary Company[1], are the owners and operators of the Morrow Sanitary Landfill ("Landfill"), located in Gilead Township, Morrow County, Ohio, which ceased operating in 1987. The landfill was never properly closed in compliance with R.C. Chapter 3734.

{¶5}   On January 20, 1999, the Attorney General filed a Complaint for Injunctive Relief and Civil Penalties against Defendants Morrow Sanitary Company, Inc., Ronald Harper, and Jerry Rutledge. The Complaint alleged violations of Ohio's solid waste laws by Defendants for their operation and ownership of the Morrow Sanitary Landfill facility located in Mount Gilead, Morrow County, Ohio.

{¶6}   The Defendants filed a counterclaim against third-party defendants. These counterclaims were voluntarily dismissed by the Defendants with the exception of the counterclaim against Patricia Rice Hardin. The counterclaim between the Defendants and Patricia Rice Harden is to be decided by the court at a later date.

---

[1] Ronald Harper and Jerry Rutledge are the sole shareholders of Morrow Sanitary Company.

**{¶7}** On April 16, 2002, the trial court granted Plaintiff State of Ohio's Motion for Partial Summary Judgment against Defendants for liability as alleged in Counts One and Two of Plaintiff's Complaint.

**{¶8}** Defendants unsuccessfully appealed the Court's April 16, 2002 Order to this Court.

**{¶9}** On December 3, 2004, this Court dismissed Defendants' appeal for lack of subject matter jurisdiction because the April 16, 2002, Order did not address the issue of civil penalties for the violations established and did not dispose of all the parties.

**{¶10}** On June 4, 2003, the parties entered a Stipulated Dismissal of the remaining Count Three of Plaintiff's Complaint, thus resolving all issues of liability alleged in Plaintiff's Complaint.

**{¶11}** On February 3, 2009, and again on September 8, 2009, the parties appeared before the Morrow County Court of Common Pleas to determine the appropriate final injunctive relief and civil penalties for the Defendants. The following testimony and evidence was presented at these hearings:

**{¶12}** In its present condition, the landfill threatens the environment and the health of the people in Morrow County. In several areas of the landfill, solid waste dumped over 23 years ago lies exposed on the ground. (T. at 16). In other areas, leachate outbreaks have occurred, and an orange-colored, contaminated liquid is seeping out of the ground. (T. at 18). Because the landfill was never properly closed, covered with soil and graded, rainwater has collected and formed a pond on the surface of the landfill and has leached through the landfill, potentially contaminating the groundwater. (T. at 20). Settling has occurred across the entire landfill, demonstrating

the need for the landfill to be properly graded and capped to prevent ponding and promote water drainage away from the landfill. (T. at 21). Additionally, explosive gas has formed in the landfill and migrated off-site to adjacent properties, creating a serious health risk, including a risk of explosion. Id.

{¶13} In an attempt to eliminate the threat to human health and the environment; the Ohio Environmental Protection Agency has attempted in various ways for nearly 23 years to bring Defendants into compliance with Ohio's environmental laws. Currently, the landfill remains out of compliance with R.C. Chapter 3734. (T. at 22).

{¶14} At the February hearing, the State of Ohio presented evidence of what an appropriate civil penalty would be for the Defendants in this case. Mr. Barry Chapman, enforcement coordinator for the Ohio EPA, testified as to what Ohio EPA believed to be a reasonable civil penalty. While the maximum civil penalty allowed by statute is $10,000 per day per violation, for a maximum of $77,040,000 for 7,704 days of violation, Mr. Chapman testified that, in this case, the maximum penalty could be mitigated by certain factors, resulting in a final justifiable civil penalty of $1,293,759. (T. at 45). This civil penalty suggested by Mr. Chapman amounted to approximately 1.6% of the maximum allowed civil penalty.

{¶15} In his testimony, Mr. Chapman established that Defendants had shown significant recalcitrance by failing to discover and remedy violations before Ohio EPA sent any notice of violation, and by being relatively unresponsive even after Ohio EPA notified them of their legal obligations at the landfill. (T. at 42). The condition of this landfill presents a serious threat of harm to the environment, as documented by the

facts that the landfill is located near surface water and the violations remain unresolved. (T. at 43).

{¶16} In addition to the specific threats created by conditions at this landfill, the violations also threaten Ohio's solid waste enforcement program, because Defendants' continuing failure to comply with the law establishes precedent for other landfill owners to avoid their statutory obligations without threat of meaningful punishment. (T. at 44).

{¶17} Finally, the Ohio EPA recommended that the penalty include the fact that extraordinary enforcement costs were incurred by the State because of the Defendants' failure to cooperate at an administrative level or otherwise prior to litigation. (T. at 45).

{¶18} At the September 8, 2009, hearing, Mr. Farnlacher from Ohio EPA testified that it would cost approximately $800,000 to $1,000,000 to put a cap on the landfill; $15,000 to $20,000 to monitor for explosive gas; and approximately $50,000 to install a groundwater monitoring system. (T. at 44-45).

{¶19} Defendant Ronald Harper presented evidence of his financial condition, submitted his most recent three years of tax returns and submitted a notarized, financial statement of net worth. Mr. Harper testified that, in the prior five years, he had a total adjusted gross income of $550,000. He further admitted that none of his income over that period had been spent toward his legal obligation to close the landfill. (T. at 35). Mr. Harper also testified that in the 1990's, Morrow Sanitary Company sold assets, not including the landfill property, to BFI, one of the country's largest waste management companies. (T. at 39). Again, Mr. Harper testified that none of the money from the asset sale went towards meeting the Defendants' responsibilities to comply with the law. Id.

{¶20} Defendants Jerry Rutledge and Morrow Sanitary Company did not appear in this action and default judgment was therefore granted against them.

{¶21} On March 29, 2010, the Court of Common Pleas, Morrow County, issued a Final Judgment Entry ordering Morrow Sanitary Landfill, Ronald Harper and Jerry Rutledge ("Defendants") to comply with Ohio's solid waste laws and to pay a civil penalty for their continued failure to comply with those laws. The court ordered Morrow Sanitary Company and Jerry Rutledge to pay a civil penalty of $1,293,759.00. The court ordered Ronald Harper to pay a civil penalty of only $19,000.00. Further, the trial court ordered that "any money expended by Defendant Ronald Harper for the purpose of bringing the landfill into compliance with the regulations shall be credited against the amount of the civil penalty."

{¶22} On September 9, 2010, the Morrow County Court of Common Pleas issued a revised Final Judgment Entry that was identical to the March 29, 2010, Entry, with the exception of language stating that "[p]ursuant to Ohio Rule of Civil Procedure 54(B), the Court finds that there is no just reason for delay.

{¶23} The State of Ohio, Attorney General now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶24} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ISSUED A MINIMAL CIVIL PENALTY AGAINST DEFENDANT HARPER AND THEN FURTHER ORDERED THAT ANY MONEY EXPENDED BY DEFENDANT HARPER FOR THE PURPOSE OF BRINGING THE LANDFILL INTO COMPLIANCE BE CREDITED AGAINST THAT CIVIL PENALTY AMOUNT."

**I.**

**{¶25}** In its sole assignment of error, Appellant asserts that the trial court abused its discretion by ordering a minimal civil penalty against Ronald Harper and by further allowing a credit against such fine for any money spent bringing the landfill into compliance. We agree.

**{¶26}** "Civil penalties can be used as a tool to implement a regulatory program." *State ex rel. Brown v. Howard* (1981), 3 Ohio App.3d 189, 191, 3 OBR 216, 444 N.E.2d 469, citing *United States ex rel. Marcus v. Hess* (1943), 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443; *Oceanic Steam Navigation Co. v. Stranahan* (1909), 214 U.S. 320, 29 S.Ct. 671, 53 L.Ed. 1013, affirmed, 214 U.S. 344, 29 S.Ct. 678, 53 L.Ed. 1024. Substantial penalties are used as a mechanism to deter conduct contrary to the regulatory program. Id., citing *United States v. ITT Continental Baking Co.* (1975), 420 U.S. 223, 231–232, 95 S.Ct. 926, 43 L.Ed.2d 148; *United States v. Atlantic Richfield Co.* (E.D.Pa.1977), 429 F.Supp. 830, affirmed, 573 F.2d 1303; *State ex rel. Brown v. Dayton Malleable, Inc.* (1982), 1 Ohio St.3d 151, 1 OBR 185, 438 N.E.2d 120. In order to be an effective deterrent to violations, civil penalties should be large enough to hurt the offender but not cause bankruptcy. *Howard*; *Dayton Malleable*.

**{¶27}** Pursuant to R.C. §3734.13(C), a trial court must impose a civil penalty of up to $10,000 per day per violation. The trial court has the discretion to determine the exact amount of the penalty to ensure that it will be significant enough to affect the violator and deter future violations. *State ex rel. Montgomery v. Maginn* (2002), 147 Ohio App.3d 420, 426-427, 770 N.E.2d 1099. The assessment of an appropriate civil penalty lies within the sound discretion of the trial court and will not be reversed upon

appeal absent evidence that the trial court abused its discretion in imposing the penalty. *State ex rel. Brown v. Dayton Malleable, Inc.* (1982), 1 Ohio St.3d 151, 157, 438 N.E.2d 120, and *State v. Tri-State Group, Inc.,* 7th Dist. No. 03 BE 61, 2004-Ohio-4441. In making this determination, the court should consider evidence relating to defendant's recalcitrance, defiance, or indifference to the law; the financial gain that accrued to defendant; the environmental harm that resulted; and the extraordinary costs incurred in enforcement of the law. See *State ex rel. LG Dev. Corp.* 187 Ohio App.3d 211, 219, 931 N.E.2d 642, 648. See also *Howard*; *State ex rel. Celebrezze v. Thermal–Tron, Inc.* (1992), 71 Ohio App.3d 11, 592 N.E.2d 912.

{¶28} In the case sub judice, the trial court imposed a civil penalty of $1,293,759.00 against Defendants Morrow Sanitary Company and Jerry Rutledge for the ongoing violations of failing to properly close the landfill for the past 23 years but only imposed a penalty of $19,000.00 against Appellee Harper. This penalty was imposed on the 7,000 days of violations since the landfill closed. The maximum fine for each of the violations was $10,000 per day. Based on the number of days/violations, the $1,293,759.00 penalty requested by the State and issued against Rutledge and the Morrow Sanitary Company amounted to approximately 1.6% of the maximum penalty attributable to the days of violation. The $19,000.00 fine levied against Appellee Harper works out to approximately 0.025% of the maximum allowable penalty.

{¶29} The trial court, in support of its imposition of a significantly reduced penalty for Appellee Harper, stated that it found that Appellee's actions in being present at "all hearings and meetings designed to achieve the remediation of the area" in this matter, along with the trial court's belief that "had Harper not suffered significant losses

in his other ventures he would have become compliant with the guidelines" mitigated against imposition of the maximum fine. (Final Judgment Entry, Sept. 21, 2010).

**{¶30}** In its Final Judgment Entry, the trial court in imposing the above penalties, offered no other explanation for imposing such minimal fines in this case. While the trial court had discretion to impose civil penalties in this case, it was still required to exercise its discretion within the appropriate parameters.

**{¶31}** Civil penalties imposed for violations of environmental regulations are primarily deterrent in nature. The penalties are "designed to deter conduct which is contrary to a regulatory scheme." *State ex rel. Celebrezze v. Thermal-Tron, Inc.* (1992), 71 Ohio App.3d 11, 19, 592 N.E.2d 912. To be an effective deterrent, the penalty imposed "must be large enough to hurt the offender," and the court should further consider "the good or bad faith of the defendant, the financial gain to the defendant as well as environmental harm." Id.

**{¶32}** In the instant case, the trial court did not indicate in its judgment that it had considered the good and bad faith of the defendants, the economic benefit to them, the harm to the environment and whether the penalties were large enough to hurt the offenders. Given that the fine imposed herein was less than one percent of the maximum allowable, despite repeated violations by Appellant in this case, even after continued notices from OEPA, it is apparent that the trial court did not impose fines that were large enough to financially hurt the Appellant and deter future violations, nor did it consider the harm caused to the environment.

**{¶33}** The defendants in this case profited from the operation and the sale of the landfill herein. They further financially benefited from not expending the money

necessary to properly close the landfill by covering and capping the waste, monitoring for explosive gas and sampling the groundwater for contamination as required by R.C. 3734.01 and OAC Chapter 3745-27. The evidence suggested that they failed to consider the environmental impact of their activities. Despite repeated notices from OEPA, they continued to fail to properly close the landfill in accordance with the law.

{¶34} Based on the foregoing, this Court finds that the fine imposed for the violations herein was minuscule compared to the apparent profits that the defendants made from the operation of the landfill and subsequent sale of the business assets.

{¶35} This Court is therefore remanding the matter for the trial court to consider all of the above factors and grant the State relief on its claims.

{¶36} With regard to Appellant's argument that it was error for the trial court to allow Appellee an offset against the fine imposed, this Court does not find anything that prohibits the trial court from doing same as an additional incentive towards compliance with regulations herein. We therefore do not find such allowance to be an abuse of discretion.

{¶37} Appellant's sole assignment of error is sustained.

**{¶38}** The judgment of the Court of Common Pleas, Morrow County, Ohio, is reversed and this matter is remanded for proceedings consistent with the law and this opinion.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0520

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO, EX REL.    :
RICHARD CORDRAY, OHIO   :
ATTORNEY GENERAL     :
              :
  Plaintiff-Appellant     :
              :
-vs-           :    JUDGMENT ENTRY
              :
MORROW SANITARY COMPANY, et al. :
              :
  Defendants-Appellees   :    Case No. 10 CA 10


   For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Morrow County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

   Costs assessed to Appellees.


             _____


             _____


             _____
                  JUDGES