[Cite as *Ohio Dept. of Natural Resources v. Big Sky Energy, Inc.*, 2020-Ohio-4374.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, DEPARTMENT OF NATURAL RESOURCES, DIVISION OF OIL & GAS RESOURCES MANAGEMENT | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | |
| | : | Case No. CT2019-0086 |
| | : | |
| BIG SKY ENERGY, INC. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                             Court of Common Pleas, Case No.
                             CH2014--0231

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      September 8, 2020

APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

DAVID YOST                             GINO PULITO
OHIO ATTORNEY GENERAL                  230 Third Street
                                       Elyria, OH 44035
BRIAN A. BALL
GENE PARK
2045 Morse Road, Bldg. A-3
Columbus, OH 43229

*Delaney, J.*

{¶1}   Defendant-Appellant Big Sky Energy, Inc. appeals the November 6, 2019 judgment entry of the Muskingum County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

### Big Sky Energy, Inc.

{¶2}   Defendant-Appellant Big Sky Energy, Inc. is an Ohio corporation that owns and operates oil and gas production wells throughout the State of Ohio. Big Sky Energy is registered as Owner #1333 with the Plaintiff-Appellant State of Ohio, Department of Natural Resources, Division of Oil and Gas Resources Management ("Division"). Robert Barr is the president of Big Sky Energy.

{¶3}   Relevant to this appeal, Big Sky Energy is the owner, pursuant to R.C. 1509.01(K), of three wells located in Muskingum County: ES & D Powelson #1 Well, ES & D Powelson #2 Well, and Miller #1 Well.

{¶4}   Pursuant to statutory requirements, Cincinnati Insurance Company issued a bond to Big Sky Energy in the amount of $15,0000. The bond served as a blanket bond for all wells registered to Big Sky Energy.

### Orders from the Chief

{¶5}   On August 1, 2011, the Chief of the Division of Oil and Gas Resources Management issued Order 2011-30 requiring Big Sky Energy to plug and abandon Miller #1 Well within 30 days of the Order. An inspection conducted by the Division after September 1, 2011 showed that Miller #1 Well was not plugged or restored.

{¶6}   On August 14, 2013, the Chief issued Orders 2013-39 and 2013-40 requiring Big Sky Energy to plug and abandon the Powelson #1 Well and Powelson #2

Well within 30 days. After September 13, 2013, the Division inspected Powelson Well #1 and Powelson Well #2 and found that they were not plugged and the well sites were not restored.

{¶7}   On January 29, 2014, the Chief issued Orders 2014-43 and 2014-44 to Big Sky Energy and Cincinnati Insurance Company, which stated that based on Big Sky Energy's failure to comply with Order 2011-30, the entire amount of Big Sky Energy's $15,000 bond was forfeited. Effective immediately, Big Sky Energy was not permitted to operate any wells or produce from any wells in the State of Ohio. Pursuant to R.C. 1509.071(A), in lieu of forfeiture of the total amount of the bond, Cincinnati Insurance Company or Big Sky Energy could properly plug, abandon, and restore the Miller #1 Well or it could pay the State of Ohio the cost of plugging and abandoning the well.

{¶8}   Upon receiving Order 2014-43, Big Sky Energy submitted an application to plug Miller #1 Well on February 7, 2014. The plugging permit was issued on March 14, 2014.

{¶9}   On February 25, 2014, Big Sky Energy appealed Orders 2014-43 and 2014-44 to the Oil and Gas Commission.

{¶10} The well site for Powelson #1 Well was restored on May 4, 2014.

{¶11} Big Sky Energy plugged Miller #1 Well on May 8, 2014.

### Request for Preliminary and Permanent Injunction

{¶12} On June 10, 2014, the Division filed a complaint for injunctive relief and civil penalties with the Muskingum County Court of Common Pleas against Big Sky Energy for its failure to timely plug the three oil and gas wells.

{¶13} The Powelson Well #1 was plugged on July 22, 2014.

{¶14} Big Sky Energy restored the Miller #1 Well site on September 24, 2014.

{¶15} On December 4, 2014, the Oil and Gas Commission dismissed the appeal of Orders 2014-43 and 2014-44 as moot because Big Sky Energy plugged and restored Miller #1 Well. *See Big Sky Energy v. Division of Oil & Case Resources Mgmt.*, Appeal Nos. 860 & 861 (Dec. 4, 2014). The administrative order stated:

1. O.R.C. §1509.071(A) allows for the forfeiture of bond, and the posting of replacement bond, where an owner has failed to comply with certain provisions of law, or certain orders and agreements. However, O.R.C. §1509.071(A) allows an owner the option of properly plugging and abandoning a non-compliant well in lieu of total forfeiture. In these matters, Big Sky Energy has exercised its option to plug and abandon Miller #1 Well in order to avoid forfeiture of its $15,000 blanket bond.

2. As Big Sky Energy has exercised its option under O.R.C. §1509.071(A) to perform plugging and restoration of Miller #1 Well and the associated well site, Big Sky Energy has avoided forfeiture and shall not, at this time, be required to repost bond in the amount of $50,000.

{¶16} On May 13, 2015, the Division filed a motion to amend its complaint based on the December 4, 2014 administrative order. The trial court granted the motion and the amended complaint was filed on June 5, 2015.

{¶17} The Division and Big Sky Energy negotiated a Partial Consent Order on Preliminary Injunction, which was filed with the trial court on August 25, 2015. The Partial Consent Order set a compliance schedule for plugging and restoring the remaining wells. No later than September 15, 2015, Big Sky Energy was to plug and abandon Powelson

#2 Well; no later than September 22, 2015, Big Sky Energy was to file a plugging report; and finally, no later than November 1, 2015, Big Sky Energy was to restore the Powelson #2 Well site.

{¶18} Big Sky Energy plugged the Powelson #2 Well on November 25, 2015.

{¶19} A bench trial was held on August 22, 2017.

**Judgment Entry**

{¶20} On November 6, 2019, the trial court issued its judgment entry after hearing the testimony of the parties and receiving proposed findings of fact and conclusions of law from both parties. The trial court found Big Energy plugged the three wells and restored two well sites. The trial court noted that none of the plugging or cleanup was done within the time periods indicated by the Chief's orders.

{¶21} In defense, Big Sky Energy argued the contractual concept of "impossibility of performance" due to financial insolvency after Trumbull County ordered in a separate case to cease all company operations. Big Sky Energy also argued the remaining well site did not pose any threat to the environment.

{¶22} The trial court first ordered Big Sky Energy to restore the well site of the Powelson #2 Well. The trial court next ordered and enjoined Big Sky Energy to pay a civil penalty of $133,960.00 calculated as follows:

For Count One, the sum of $70,760.00 results as one percent (1%) of the maximum daily amount for the total days of violation arising at the Powelson #2 Well between August 26, 2015, the effective date of the partial consent order between the parties, and August 22, 2017, the date of the hearing in this matter, being 728 days, with 34 days occurring before September 28,

2015 at a rate of $4,000.00 per day and 694 days occurring on and after September 29, 2015 at a rate of $10,000.00 per day.

For Count Two, the sum of $23,920.00 results as one percent (1%) of the maximum daily amount for the total days of violation arising at the Powelson #1 Well between September 13, 2013, the effective date of the Chief's Order 2013-29, and May 4, 2015, the date the Powelson #1 Well well site was restored being 598 days, all occurring before September 28, 2015 at a rate of $4,000.00 per day.

For Count Three, the sum of $39,280.00 results as one percent (1%) of the maximum daily amount for the total days of violation arising at the Miller #1 Well between August 31, 2011, the effective date of the Chief's Order 2011-30, and May 8, 2014, the date the Miller #1 Well was plugged, being 982 days, all occurring before September 28, 2015 at a rate of $4,000.00 per day.

{¶23} Finally, the trial court ordered Big Sky Energy to pay fees and costs for the action, including $5,000.00 attorney's fees incurred by the State of Ohio.

{¶24} It is from this judgment entry Big Sky Energy now appeals.

## ASSIGNMENTS OF ERROR

{¶25} Big Sky Energy raises two Assignments of Error:

{¶26} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY FINDING THAT DEFENDANT-APPELLANT BIG SKY ENERGY INC. FAILED TO COMPLY WITH ORDERS ISSUED BY THE OHIO DEPARTMENT OF NATURAL RESOURCES.

{¶27} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED DEFENDANT-APPELLANT BIG SKY ENERGY INC. TO PAY $133,960.00 IN CIVIL PENALTIES."

**ANALYSIS**

{¶28} Big Sky Energy argues in its appeal that the trial court erred in finding it failed to comply with the Chief's orders and based on the failure to comply, imposed civil penalties. We disagree.

{¶29} Before we begin our analysis, we note that while both Big Sky Energy and the Division refer to the transcript of the August 22, 2017 bench trial in their appellate briefs, the parties did not file a written transcript with the appellate record.[1] Pursuant to App.R. 9(B)(1), "[i]t is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Goble v. Grosswiler*, 5th Dist. Richland No. 2018 CA 0102, 2019-Ohio-4443, 2019 WL 5595795, ¶ 35 citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Pursuant to that standard, we consider the two Assignments of Error raised by Big Sky Energy.

---

[1] This Court confirmed with the Muskingum County Clerk of Courts that the written transcript was not filed with the appellate record.

**I.**

{¶30} In its first Assignment of Error, Big Sky Energy contends the trial court abused its discretion when it found that Big Sky Energy failed to comply with the Chief's Orders to plug and restore the well sites and granted the Division's request for injunctive relief. We disagree.

**Statutory Injunction**

{¶31} "R.C. Chapter 1509 provides a number of duties and prohibitions regarding the operation of oil and gas wells and sets forth a variety of enforcement procedures and sanctions to ensure compliance * * * including injunctive relief (R.C. 1509.04), civil penalties ( R.C. 1509.33), refusal to grant permits (R.C. 1509.08), and suspension orders (R.C. 1509.06)." *Simmers, Chief, Div. of Oil & Gas Resources Mgt. v. N. Royalton*, 10th Dist. Franklin No. 15AP-900, 2016-Ohio-3036, 65 N.E.3d 257, 183 Oil & Gas Rep. 1203, 2016 WL 2866405, ¶ 65 quoting *State v. Tipka*, 12 Ohio St.3d 258, 259, 466 N.E.2d 898 (1984).

{¶32} In this case, the Division filed a complaint for injunction pursuant to R.C. 1509.04(G) based on Big Sky Energy's alleged violations of the Chief's Orders to plug the wells and restore the well sites. R.C. 1509.04(G) states: "The prosecuting attorney of the county or the attorney general, upon the request of the chief, may apply to the court of common pleas in the county in which any of the provisions of this chapter or any rules, terms or conditions of a permit or registration certificate, or orders adopted or issued pursuant to this chapter are being violated for a temporary restraining order, preliminary injunction, or permanent injunction restraining any person from such violation." The request for injunction based on R.C. 1509.04(G) would be classified as a "statutory

injunction," as opposed to the common law equitable remedy of injunction. *State ex rel. DeWine v. 333 Joseph, L.L.C.*, 2014-Ohio-5090, 21 N.E.3d 1142, ¶ 11, 19 (3rd Dist.).

{¶33} When a trial court grants injunctive relief, the typical standard of review for this Court is whether the trial court abused its discretion. *Sky v. Van Der Westhuizen*, 5th Dist. No. 2018 CA 00127, 2019-Ohio-1960, 136 N.E.3d 820, 2019 WL 2181911, ¶ 105 citing *Perkins v. Quaker City*, 165 Ohio St. 120, 125, 133 N.E.2d 595 (1956).

**Impossibility of Performance**

{¶34} Big Sky Energy contends it had a valid defense to the Division's claim that it violated the Chief's Orders. Due to matters outside its control, including actions by the Division, Big Sky Energy claims it was unable to comply with the Chief's Orders. Big Sky Energy states its inability to comply with the Chief's Orders is based on the defense of impossibility of performance. We note that Big Sky Energy does not argue in this Assignment of Error that the trial court's underlying finding that it failed to comply with the Chief's Orders was in error.

{¶35} Impossibility of performance occurs where, after a contract is entered into, an unforeseen event arises rendering impossible the performance of one of the contracting parties. *W. Res. Academy v. Franklin*, 5th Dist. No. 2012CA00207, 2013-Ohio-4449, 999 N.E.2d 1198, 2013 WL 5569210, ¶ 26 citing *State v. Curtis*, 2nd Dist. Greene No. 2008CA22, 2008-Ohio-5643, 2008 WL 4763245. Performance may be impracticable because it will involve a risk of injury to person or property that is disproportionate to the ends to be attained by performance. *B–Right Trucking Co. v. Warfab Field Machining and Erection Corp.*, 11th Dist. Trumbull No. 2000–T–0072, 2001-Ohio-8724, 2001 WL 1602687. "Impracticability" means more than "impracticality." *Id.* at

5. A mere change in the degree of difficulty or expense does not amount to impracticability. *Id.* A party is expected to use reasonable efforts to surmount obstacles to performance, and performance is only impracticable if it is so in spite of such efforts. *Id.*

{¶36} Big Sky Energy acknowledges that impossibility of performance is a contractual doctrine but argues it has applicability to the performance of its obligations as an operator of oil and gas wells in the State of Ohio. It contends the relationship between an operator and the State of Ohio is akin to a contractual relationship. Big Sky Energy does not cite any case law to support the applicability of contract law to R.C. Chapter 1509.

{¶37} The Ohio Department of Natural Resources, Division of Oil and Gas Resources Management, is the sole and exclusive authority within the State of Ohio to regulate permitting, location, spacing, and production operations of oil and gas well pursuant to R.C. 1509.02. To operate an oil or gas well within the State of Ohio, the owner must comply with the regulations found in R.C. Chapter 1509. "No person shall drill a new well, drill an existing well any deeper, reopen a well, convert a well to any use other than its original purpose, or plug back a well to a source of supply different from the existing pool, without having a permit to do so issued by the chief of the division of oil and gas resources management. * * *" R.C. 1509.05. R.C. Chapter 1509 directs the Division to regulate oil and gas wells in the State of Ohio for the protection of public health and safety or to prevent damage to natural resources. *See* R.C. 1509.23.

{¶38} Pursuant to R.C. Chapter 1509, the regulations imposed on owners of oil and gas wells in the State of Ohio are based on statute, not on contract. The Ohio

Supreme Court has held that the doctrine of legal impossibility, while relevant to the enforcement of contractual obligations, has no application to the performance of responsibilities imposed by statute. *Quality Ready Mix, Inc. v. Mamone*, 35 Ohio St.3d 224, 229, 520 N.E.2d 193, 198, 1988 WL 18862 (1988). Further, Big Sky Energy has not cited any case law to support its argument that the contractual doctrine of impossibility should be extended in this case to the performance statutory regulations imposed by R.C. Chapter 1509. *Compare Skilton v. Perry Local School Dist. Bd. Of Edn.*, 102 Ohio St.3d 173, 2004-Ohio-2239, 807 N.E.2d 919, fn 1 (failure to comply with statutory mandates excused for impossibility of performance when the statutes at issue govern employment relationships, which are contractual in nature).

{¶39} The first Assignment of Error is overruled.

**II.**

{¶40} Big Sky Energy argues in its second Assignment of Error that the trial court abused its discretion when it imposed civil penalties against Big Sky Energy in the amount of $133,960.00. We disagree.

{¶41} Pursuant to R.C. 1509.33(A), "[w]hoever violates sections 1509.01 to 1509.31 of the Revised Code, or any rules adopted or orders or terms or conditions of a permit or registration certificate issued pursuant to these sections for which no specific penalty is provided in this section, shall pay a civil penalty." Due to different versions of the R.C. 1509.33(A), the amount of the civil penalty to be imposed is dependent upon the date of the offense. S.B. 315, effective September 19, 2012 to September 28, 2015, imposes a civil penalty of not more than four thousand dollars for each offense. H.B. 64, effective September 29, 2015 to the present, imposes a civil penalty of not more than ten

thousand dollars for each offense. For purposes of R.C. 1509.33, each day of violation constitutes a separate offense. R.C. 1509.33(I).

{¶42} Pursuant to the statute, the trial court must impose the penalty but it has the discretion to determine the exact amount of the penalty to ensure that it will be significant enough to affect the violator and deter future violations. *State ex rel. Cordray v. Morrow Sanit. Co.*, 5th Dist. Morrow No. 10 CA 10, 2011-Ohio-2690, 2011 WL 2174990, ¶ 27 citing *State ex rel. Montgomery v. Maginn*, 147 Ohio App.3d 420, 426–427, 770 N.E.2d 1099 (12th Dist.2002). The assessment of an appropriate civil penalty lies within the sound discretion of the trial court and will not be reversed upon appeal absent evidence that the trial court abused its discretion in imposing the penalty. *Id.* citing *State ex rel. Brown v. Dayton Malleable, Inc.*, 1 Ohio St.3d 151, 157, 438 N.E.2d 120 (1982).

{¶43} Monetary penalties are designed to deter conduct which is contrary to a regulatory scheme. *State ex rel. Celebrezze v. Thermal-Tron, Inc.*, 71 Ohio App.3d 11, 592 N.E.2d 912, 917 (8th Dist.1992) citing *State ex rel. Brown v. Howard*, 3 Ohio App.3d 189, 444 N.E.2d 469, 471 (10th Dist.1981). To be an effective deterrent, penalties must be large enough to hurt the offender. *Id.* In assessing the appropriate penalty, a court should consider the good or bad faith of the defendant, the financial gain to the defendant as well as environmental harm. *Id.*

{¶44} In this case, the trial court imposed civil penalties in the amount of one percent of the maximum penalties allowed under R.C. 1509.33(A). The maximum penalties in this case equated to $13,396,000.00. The trial court assessed a civil penalty in the amount of $133,960.00.

{¶45} Big Sky Energy contends the trial court abused its discretion in determining the amount of civil penalties based on the facts presented at the bench trial. First, it argues the trial court did not take into consideration the evidence at trial showing the well site restoration completed by Big Sky Energy was sufficient. By the time of the bench trial, the three wells at issue had been plugged, albeit outside the time frame ordered by the Chief. Big Sky Energy states the issue remaining for trial was the status of the well restoration. According to the judgment entry, Big Sky Energy argued at trial that the tank left at the Powelson #2 Well site did not pose any risk to the environment due to the lack of streams or other surface waters in the area. (Judgment Entry, Nov. 6, 2019). Second, Big Sky Energy contended it had forfeited its bond to the Division, which the Division could have used to mitigate the restoration of the well sites. Third, Big Sky Energy argued it was not the owner of Miller Well #1.

{¶46} In support of its arguments, Big Sky Energy refers this Court to evidence heard at the August 22, 2017 bench trial. As we noted earlier, the parties did not file the written trial transcript with the appellate record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Goble v. Grosswiler*, 5th Dist. Richland No. 2018 CA 0102, 2019-Ohio-4443, 2019 WL 5595795, ¶ 35 citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶47} Accordingly, based on the record before us, we find the trial court did not abuse its discretion in imposing $133,960.00 in civil penalties for the failure of Big Sky Energy to comply with the Chief's Orders.

{¶48} The second Assignment of Error is overruled.

## CONCLUSION

{¶49} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, Earle, J., concur.