[Cite as *Tarr v. Am. Flooring Transport, Inc.*, 2013-Ohio-3694.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CLIFFORD TARR, DBA CARPET EXPRESS INC. | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| AMERICAN FLOORING TRANSPORT INC., ET AL. | : | Case No. 2013CA00002 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2012CV02355


JUDGMENT:                    Affirmed/Reversed in Part and
                             Remanded


DATE OF JUDGMENT:            August 26, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

JEFFREY R. JAKMIDES                       DOUGLAS C. BOND
325 East Main Street                      700 Courtyard Centre
Alliance, OH  44601                       116 Cleveland Avenue, NW
                                          Canton, OH  44702

                                          DEAN L. GRASE
                                          703 Courtyard Centre
                                          116 Cleveland Avenue, NW
                                          Canton, OH  44702

*Farmer, P.J.*

{¶1}  Appellants, George Morris, Jr. and his corporation, American Flooring Transport, Inc. (hereinafter "AFT"), were in the business of hauling carpet.  Appellee, Clifford Tarr, dba Carpet Express, Inc., was in the business of selling carpet.  In the spring and summer of 2012, the parties had a business relationship wherein appellants would haul carpet for appellee.  A dispute arose as to the whereabouts of certain rolls of carpet.

{¶2}  On July 26, 2012, appellee filed a complaint against appellants, alleging appellants had stolen the carpet.  Appellant Morris filed a pro se answer on September 7, 2012, and attended a pretrial on September 24, 2012.  By judgment entry filed September 25, 2012, the trial court ordered appellant Morris to secure counsel for the corporation.

{¶3}  On October 18, 2012, appellee filed a motion for default judgment against appellants, claiming appellant Morris failed to secure counsel for the corporation and failed to defend the action.  A hearing was held on November 26, 2012.  Appellants did not appear.  By judgment entry filed December 4, 2012, the trial court granted the motion and entered judgment for appellee as against appellants, jointly and severally, in the amount of $21,079.53.

{¶4}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}  "THE TRIAL COURT ERRED IN GRANTING A DEFAULT JUDGMENT AGAINST MORRIS WHERE MORRIS TIMELY FILED A RESPONSIVE ANSWER TO

THE COMPLAINT WHICH WAS NOT STRICKEN AND FURTHER APPEARED AT THE SEPTEMBER 24 PRETRIAL."

II

{¶6}    "THE TRIAL COURT ERRED BY ENTERING A DEFAULT JUDGMENT AGAINST MORRIS WHERE MORRIS APPEARED IN HIS INDIVIDUAL CAPACITY AT THE SEPTEMBER 24, 2012 PRE-TRIAL BUT WAS NOT SERVED WITH NOTICE OF THE APPLICATION FOR DEFAULT JUDGMENT AS REQUIRED BY CIVIL RULE 55(A)."

III

{¶7}    "THE TRIAL COURT ERRED BY ENTERING A DEFAULT JUDGMENT AGAINST CORPORATE DEFENDANT AFT WHERE AFT APPEARED AT THE SEPTEMBER 24, 2012 PRE-TRIAL, BUT WAS NOT SERVED WITH NOTICE OF THE APPLICATION FOR DEFAULT JUDGMENT AS REQUIRED BY CIVIL RULE 55(A)."

I, II

{¶8}    Appellant Morris claims the trial court erred in entering a default judgment against him.  We agree.

{¶9}    Civ.R. 55 governs default.  Subsection (A) states the following:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a

guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

{¶10} Appellant Morris filed a pro se answer to the complaint on September 7, 2012, and attended a pretrial on September 24, 2012. Clearly he "appeared in the action" for purposes of Civ.R. 55. Pursuant to said rule, appellant was to be "served with written notice of the application for judgment at least seven days prior to the hearing on such application." The motion for default judgment filed on October 18, 2012 contains a request for service, asking the clerk of courts to serve appellants, but does not contain a proof of service. By judgment entry filed October 19, 2012, a hearing on the motion was set for November 26, 2012. Appellants failed to appear.

{¶11} There is no evidence in the record to establish that appellants received a written notice of the application for judgment or the hearing notice. The docket entry

regarding the motion for default judgment erroneously states it was filed "with proof of service."

{¶12}  Upon review, we find the provisions of Civ.R. 55 have not been met.  The December 4, 2012 default judgment is vacated as against appellant Morris.

{¶13}  Assignments of Error I and II are granted.

III

{¶14}  Appellant AFT claims the trial court erred in entering a default judgment against it.  We disagree.

{¶15}  As stated above, appellant Morris filed a pro se answer on September 7, 2012.  The answer was signed in his individual capacity.  Following the pretrial on September 24, 2012, the trial court filed a judgment entry on September 25, 2012, stating the following:

> This matter came before the Court for a pretrial conference on September 24, 2012.  Defendant, representing themselves, did appear; before the pretrial commenced, it was determined that Mr. Morris attended the pretrial on behalf of himself and American Flooring Transport, Inc. Under Ohio law, however, a corporation can maintain litigation or appear in court only through an attorney admitted to the practice of law and may not do so through an officer of the corporation or some other appointed agent.  (Citation omitted.)
>
> Accordingly, **the Court orders Defendant to retain counsel duly licensed to practice law in the State of Ohio and have that counsel**

**enter an appearance in this case on or before October 5, 2012.**

Failure to do so may result in the Court granting default judgment against Defendant, American Flooring Transport, Inc., and in favor of Plaintiff on its Complaint.

{¶16} Appellant AFT did not retain counsel, enter an appearance, or file an answer to the complaint by October 5, 2012. As a result, appellee filed a motion for default judgment almost two weeks later, on October 18, 2012, which the trial court granted on December 4, 2012.

{¶17} Upon review, we find appellant AFT failed to defend the action per the trial court's order and therefore default judgment was appropriate as against appellant AFT.

{¶18} Assignment of Error III is denied.

{¶19} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. John W. Wise

_____
Hon. Craig R. Baldwin

SGF/sg 731

[Cite as *Tarr v. Am. Flooring Transport, Inc.*, 2013-Ohio-3694.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

CLIFFORD TARR, DBA                  :
CARPET EXPRESS INC.                 :
                                    :
    Plaintiff-Appellee          :
                                    :
-vs-                                :              JUDGMENT ENTRY
                                    :
AMERICAN FLOORING                   :
TRANSPORT INC., ET AL.              :
                                    :
    Defendants-Appellants       :              CASE NO. 2013CA00002


       For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part. The matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.


                         _____
                         Hon. Sheila G. Farmer


                         _____
                         Hon. John W. Wise


                         _____
                         Hon. Craig R. Baldwin