[Cite as *Tarr v. Am. Flooring Transport, Inc.*, 2015-Ohio-3313.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CLIFFORD TARR, dba CARPET EXPRESS, INC. | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| -vs- | |
| AMERICAN FLOORING TRANSPORT, INC., et al. | Case No. 2014 CA 00216 |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Canton Municpal Court, Case No. 2014 CVF 3657


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     August 17, 2015


APPEARANCES:

For Plaintiff-Appellant

JEFFREY R. JAKMIDES
325 East Main Street
Alliance, Ohio 44601

For Defendants-Appellees

DOUGLAS C. BOND
700 Courtyard Centre
116 Cleveland Avenue NW
Canton, Ohio 44702

*Wise, J.*

{¶1}.    Plaintiff-Appellant Clifford Tarr, dba Carpet Express, Inc., appeals the decision of the Canton Municipal Court, Stark County, which granted judgment in favor of Defendants-Appellees George Morris and American Flooring Transport, Inc. The relevant facts leading to this appeal are as follows.

{¶2}.    At the times pertinent to this appeal, Appellant Clifford Tarr, dba Carpet Express, Inc., operated a carpet sales business, while George Morris, Jr. and his corporation, Appellee American Flooring Transport, Inc. ("AFT"), were in the business of transporting carpet products by truck, generally from distribution hubs in Georgia to various carpet retailers in the Ohio area.

{¶3}.    During the spring and summer of 2012, the parties engaged in a business relationship for purposes of hauling appellant's carpet rolls. Morris also permitted appellant to store some of appellant's inventory in the AFT facility in Canton. A dispute ultimately arose as to the whereabouts of some of the carpet, particularly after AFT shut down operations approximately in May 2012.

{¶4}.    On July 26, 2012, appellant filed a complaint in the Stark County Court of Common Pleas against Morris and AFT, under case number 2012CV02355, alleging the two defendants had stolen the missing carpet. After Morris had filed a *pro se* answer and attended a subsequent pretrial hearing, the court ordered him to secure counsel for the corporate entity, AFT.

{¶5}.    In October 2012, appellant filed a motion for default judgment, claiming Morris had failed to secure counsel for the corporation and had failed to defend the

action. On December 4, 2012, the trial court granted the motion and entered judgment for appellant against Morris and AFT, jointly and severally, in the amount of $21,079.53.

{¶6}. Morris thereupon filed a direct appeal. On August 26, 2013, this Court issued a decision finding default judgment against Morris was erroneous, but determining that default judgment was appropriate against appellant AFT. *See Tarr v. American Flooring Transport, Inc.*, 5th Dist. Stark No. 13CA00002, 2013-Ohio-3694.

{¶7}. Appellant, however, thereafter dismissed his common pleas action (2012CV02355) without prejudice. He then brought a similar action in Canton Municipal Court under case number 2014 CVF 2490. However, because the requested award of damages was apparently in excess of the municipal court's jurisdictional limits, the municipal court dismissed his claims without prejudice on June 20, 2014.

{¶8}. The action leading to the present appeal was filed by appellant in the Canton Municipal Court on July 15, 2014 against Morris and Appellee AFT. Appellant therein sought civil damages for alleged theft, pursuant to R.C. 2307.60, and for alleged failure to deliver the subject of a bailment, pursuant to R.C. 1307.403.

{¶9}. The matter proceeded to a bench trial on October 24, 2014. Among other things, testimony was presented by Morris wherein he asserted that appellant told him he had a buyer in Akron for appellant's stored carpet; however, when Morris tried to deliver same, the Akron buyer rejected it. Tr. at 61-62. Morris further recalled that after several unsuccessful attempts to contact appellant, the carpet was returned to Georgia. Tr. at 63-64.

{¶10}. Via a municipal court judgment entry issued October 31, 2014, all of appellant's claims were denied and judgment was granted in favor of Morris and AFT.

On November 21, 2014, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶11}. "I. THE TRIAL COURT ERRED IN HOLDING THAT THE APPELLANT HAD FAILED TO PROVIDE THE REQUISITE PROOF TO PERMIT THE PIERCING OF THE CORPORATE VEIL.

{¶12}. "II. THE TRIAL COURT ERRED IN HOLDING THAT THE TERMS OF THE AGREEMENT BETWEEN THE PARTIES CONSTITUTED A GRATUITOUS BAILMENT AND THAT, AS SUCH, ONLY A DUTY OF SLIGHT CARE WAS OWED TO THE APPELLANT.

{¶13}. "III. THE TRIAL COURT ERRED IN EXCLUDING BUSINESS RECORDS DEMONSTRATING THAT DELTA NEVER RECEIVED THE CARPET WHICH APPELLEE CLAIMED TO HAVE SHIPPED TO THEM, AND FURTHER CASTING DOUBT ON APPELLEE'S CLAIMS RELATING TO THE DISPOSAL OF THE GOODS."

I.

{¶14}. In his First Assignment of Error, appellant contends the trial court erred in finding appellant had failed to provide the requisite proof to allow piercing of the corporate veil. We disagree.

{¶15}. As an appellate court, we are not the trier of fact; instead, our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911. A reviewing court, in addressing a civil manifest weight challenge, must determine whether the finder of fact, in resolving

conflicts in the evidence, clearly lost his or her way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *See Hunter v. Green,* Coshocton App.No. 12–CA–2, 2012–Ohio–5801, 2012 WL 6094172, ¶ 25.

{¶16}. The principle of "piercing the corporate veil" operates as an exception to the general rule that shareholders are not personally liable for the debts of a corporation. *Bumpus v. Ward*, 5th Dist. Knox No. No. 2012–CA–5, 2012-Ohio-4674, ¶ 36, citing *Dole Food Co. v. Patrickson,* 538 U.S. 468, 475, 123 S.Ct. 1655, 155 L.Ed.2d 643 (2003). Courts in Ohio apply a three-prong test for determining whether to pierce the corporate veil. *Belvedere Condo. Unit Owners' Ass'n. v. R.E. Roark Cos., Inc.,* 67 Ohio St.3d 274, 289, 617 N.E.2d 1075 (1993). The *Belvedere* test is as follows: "The corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." *Id.* at paragraph 3 of the syllabus.

{¶17}. The Ohio Supreme Court, in *Dombroski v. Wellpoint, Inc.,* 119 Ohio St.3d 506, 513, 895 N.E.2d 538 (2008), clarified that "to fulfill the second prong of the *Belvedere* test for piercing the corporate veil, the plaintiff must demonstrate that the defendant shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act." It is well-established that all

three prongs of the test must be met for piercing to occur. *See State ex rel. Cordray v. U.S. Technology Corporation,* 5th Dist. No. 11AP060025, 2012-Ohio-855, 2012 WL 691582, ¶ 19.

{¶18}. In the case sub judice, we find the first prong of the *Belvedere* test dispositive under the circumstances, and we will focus on it accordingly. This first prong for piercing the corporate veil is sometimes referred to as the "alter ego doctrine." *See Pottschmidt v. Klosterman*, 169 Ohio App.3d 824, 865 N.E.2d 111 (9th Dist. Medina), ¶ 37, citing *Willoway Nurseries v. Curdes*, 9th Dist. Lorain No. 98CA007109, 1999 WL 820784. In order to satisfy this requirement, a plaintiff must prove that "the individual and the corporation are fundamentally indistinguishable." *Id*., citing *Belvedere, supra*, at 288. "Some of the factors used to determine if this standard has been met include (1) whether corporate formalities were observed, (2) whether corporate records were kept, (3) whether corporate funds were commingled with personal funds, and (4) whether corporate property was used for a personal purpose." *Id*., citing *LeRoux's Billyle Supper Club v. Ma* (1991), 77 Ohio App.3d 417, 422–423, 602 N.E.2d 685; *Pikewood Manor, Inc. v. Monterrey Concrete Constr.,* 9th Dist. Lorain No. 03CA008289, 2004-Ohio-440, 2004 WL 200146, ¶ 15.

{¶19}. In the present case, AFT, which was in the business of handling interstate shipping of carpet, was incorporated in late 2009 and had three original shareholders: Judy Phillips, Terry White and Appellee Morris. *See* Tr. at 53. Articles of incorporation existed for the business. *See* Tr. at 55. At one point, AFT had nearly 250 customers. Tr. at 59. Morris and Terry White were apparently salaried employees of AFT. Decision-making at AFT was handled initially by White and Morris, along with Thomas Phillips,

who is the son of shareholder Judy Phillips. Thomas Phillips eventually had a major disagreement with White and Morris, and a shareholder derivative suit was filed by Judy Phillips against the corporation in 2010. Tr. at 54. Thereafter, decision making at AFT was largely carried out jointly by White and Morris. By February 2013, the corporation had officially closed its doors, although business had ceased sometime around May 2012. *See* Tr. at 59, 70.

**{¶20}.** We find the evidence in this matter would support a conclusion by the trial court that AFT was operated in the manner of a close corporation and was not an "alter ego" entity completely controlled by Morris, even absent consideration of whether such control would have been for the purpose of perpetrating fraud or other illegal activity. We thus find the record contains relevant, competent, and credible evidence supporting the trial court's decision not to set aside the corporate status of AFT and to refrain from imposing any liability against Morris individually.

**{¶21}.** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶22}.** In his Second Assignment of Error, appellant contends the trial court erred in finding that the relationships between the parties resulted merely in a gratuitous bailment of the carpet. We disagree.

**{¶23}.** As indicated in our recitation of the facts, Morris testified at trial that appellant had asked him or someone at AFT to permit storage of certain carpet inventory at the AFT warehouse in Canton. Tr. at 69. However, according to Morris, at some point appellant "disappeared for about six months" and appellant's store was

found empty. Tr. at 11. Unable to reach appellant in person or by telephone, AFT returned the carpet to the originating hub in Georgia. Tr. at 12, 62.

{¶24}. A bailment is the delivery of goods or personal property by one person to another in trust for a particular purpose. *George v. Whitmer*, 5th Dist. Fairfield No. 05-CA-70, 2006-Ohio-436, ¶ 15, citing *Welch v. Smith* (1998), 129 Ohio App.3d 224, 229, 717 N.E.2d 741. In order to establish a cause of action in contract under a bailment theory, the bailor must prove: (1) a contract of bailment, (2) delivery of the bailed property to the bailee, and (3) failure of the bailee to deliver the bailed property undamaged at the termination of the bailment. *Id.* at ¶ 16, citing *Vandeventer v. Vandeventer* (1999), 132 Ohio App.3d 762, 768, 726 N.E.2d 534.

{¶25}. A bailment can be created by contract and can be for the benefit of the bailor, bailee, or for the mutual benefit of both. A gratuitous bailment is one in which the transfer of possession or use of the bailed property is without compensation. *Monea v. Lanci*, 5th Dist. Stark No. 2011CA00050, 2011-Ohio-6377, ¶ 79, citing 8 Ohio Jurisprudence 3d (2011), Bailments § 7. A gratuitous bailee owes no duty of ordinary care to protect the bailed property. The law will hold a gratuitous bailee liable only for losses arising from gross negligence. *Id. at ¶ 88.*

{¶26}. In the case sub judice, despite appellant's present protestation that consideration for the bailment was interwoven into the parties' business arrangements, evidence was presented which would warrant a finding that Morris and AFT allowed appellant to utilize AFT warehouse space as a gesture to assist appellant, who lacked extra space at his original store on Wertz Avenue NW. We find no reversible error in the trial court's decision in this regard.

{¶27}.  Appellant's Second Assignment of Error is therefore  overruled.

III.

{¶28}.  In his Third Assignment of Error, appellant contends the trial court erred in excluding certain business documents appellant tried to utilize to show Delta Distribution, a Georgia hub operator, did not receive the carpet which Morris contended AFT shipped back to them. We disagree.

{¶29}.  The admission or exclusion of relevant evidence rests in the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 180. As a general rule, all relevant evidence is admissible. Evid.R. 402; but see Evid.R. 802. Our task is to look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in regard to the disputed evidence. *State v. Oman* (Feb. 14, 2000), Stark App.No. 1999CA00027. Under Evid.R. 803(6), the following are excepted from the hearsay rule: "A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness * * *."

{¶30}.  In the case sub judice, the following exchange took place during plaintiff's counsel's direct questioning of appellant:

{¶31}.  "Q [Plaintiff's Counsel - Mr. Jakmides]: And I want to show you what's been marked as Exhibit E.

{¶32}.  "A: U-mmm.

{¶33}.  "Q: And is that one of your business records in connection with this matter?

{¶34}.  "A: It is. This is the follow up letter from- uh, from Delta Distribution in regards to me trying to track down what happened to my carpet.

{¶35}.  "Q: And what did you learn from that business record?

{¶36}.  "A: What I learned from them was that they have no record ...

{¶37}.  "BY MR. BOND: I'm gonna object again. This is the same Delta ...

{¶38}.  "BY THE COURT: Alright. Mr. Jakmides, unless we have somebody from Delta that's gonna be able to testify- uh, at this point in time we understand that there may be a concern that the carpet is not where it's supposed to be. ***.

{¶39}.  "BY MR. JAKMIDES: Okay. *** Alright, I'll withdraw the question."

{¶40}.  Tr. at 18-19.

{¶41}.  It is incumbent that a proponent of business records set forth an adequate foundation to establish the admissibility of the records under Evid.R. 803(6). *See Hinte v. Echo, Inc.* (1998), 130 Ohio App.3d 678, 684, 720 N.E.2d 994, citing *State v. Comstock*, 11th Dist. Ashtabula App. No. 96-A-0058, 1997 WL 531304. Upon review, we find the aforecited attempt to utilize appellant's own lay testimony, via a leading question, as a means of meeting the "qualified witness" requirement of Evid.R. 803(6), in the absence of a stipulation by the parties, was properly denied within the trial court's evidentiary discretion.

{¶42}. Appellant's Third Assignment of Error is therefore overruled.

{¶43}. For the reasons stated in the foregoing opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.


By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.


JWW/d 0728